**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 01-CR-0068-001-SEH |
| ) | |
| **TERRENCE LAMONT NELSON,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for clarification of sentence (Dkt. # 33). On January 11, 2002, defendant was sentenced to a 120-month term of imprisonment following a finding of guilt for the offense of possession of a firearm in the furtherance of a drug trafficking crime. The term was ordered to run consecutive to any other sentence. Defendant moves for clarification of sentence, asking the Court to make clear the number of days that should be credited to his sentence for time spent in pretrial detention. Defendant did not, in his motion, present any information concerning his attempt to remedy any perceived miscalculation of his sentence by the Bureau of Prisons (BOP).

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, at *2 (10th Cir.2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir.1994); see also United States v. Brown, 212 Fed. Appx. 747, 2007 WL 64852 at *7 (10th Cir.2007) ("a sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing." (citation omitted)).

After a district court sentences a federal offender, the Attorney General, through the BOP,

has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.") To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences long has operated in this manner. After Congress enacted § 3568 in 1966, BOP developed detailed procedures and guidelines for determining the credit available to prisoners. (citations omitted). Federal regulations have afforded prisoners administrative review of the computation of their credits, . . . , and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, . . . (citations omitted). Wilson, 503 U.S. at 335. A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Binford v. United States, 436 F.3d 1252 (10th Cir.2006); United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, *2 (10th Cir.2005); Buchanan v. United States Bureau of Prisons, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986) (per curiam)" (other citation omitted)).

The BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach

an informal resolution, the inmate may then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington D.C., using Form BP-11. Id. § 542.15(b)(2).

This Court has no authority to compute or award sentencing credit at sentencing or to later clarify application of jail credits toward a sentence. Defendant has apparently failed to fully exhaust all administrative remedies and did not present a comprehensive statement of his claims. Further, defendant has failed to either attach copies of these administrative proceedings or describe their disposition with specificity, as required by 42 U.S.C. § 1997e(a).

**IT IS THEREFORE ORDERED** that defendant's motion for clarification of sentence (Dkt. # 33) is **dismissed**.

**IT IS SO ORDERED** this 15th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT