IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-CR-0068-001-JED |
| | ) | |
| TERRENCE LAMONT NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for hearing (Dkt. # 66), filed on June 15, 2021. Defendant requests that the Court schedule a hearing without delay or, in the alternative, order dismissal of the petition for superseding warrant for offender under supervision (Dkt. # 59). Defendant claims he has been denied a timely hearing on allegations he violated his terms of supervised release. He requests either an immediate hearing to dispose of the allegations, or that the Court dismiss the petition on supervised release because of unreasonable delay of his right to a hearing. Defendant cites Fed. R. Crim P. 32.1, Haines v. Kerner; 404 U.S. 519, 92 S.Ct. 594, 30 L.2d 652 (1972); and Hall v. Bellman, 935 F.2d 1106 (10th Cir. 1991), in support of his motion.

On January 11, 2002, defendant was sentenced to 120-months imprisonment following his plea of guilty to count two of the superseding indictment charging possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i). Defendant was ordered to serve a five-year term of supervised release. Defendant was released from the Bureau of Prisons to begin his term of supervised release on October 11, 2013. On December 23, 2014, following a finding defendant violated several conditions of supervised release, to include a new law violation (Dkt. # 41), defendant was sentenced to eleven months imprisonment and

reimposition of forty-nine months supervised release (Dkt. # 54).  Defendant was released to the term of supervised release on October 2, 2015.  The term of supervised release was scheduled to expire on November 1, 2019.

On March 5, 2018, a petition for superseding warrant for offender under supervision alleging violations of terms of supervised release (Dkt. # 59), and warrant (Dkt. # 60) were filed.  The term of supervised release tolled when defendant was taken into custody for state law violations.[1]  The petition on supervised release alleges in part that defendant committed a new law violation, as evidenced by the judgment and sentence filed Tulsa County District Court Case No. CF-2018-186, charging defendant with trafficking in illegal drugs (Dkt. # 59, Exh. D).  On February 9, 2018, defendant was committed to the custody of the Oklahoma Department of Corrections for a term of twelve years.  He is currently incarcerated at the James Crabtree Correctional Center, where the U.S. Marshal lodged a detainer based on the petition on supervised release warrant.

Neither Haines nor Hall, cited by defendant, is dispositive in this matter, as neither case ruled on the workings of Rule 32.1 and necessity for a prompt hearing.  Haines found that an inmate has a right to due process in the steps leading to disciplinary confinement at a state penal facility; and Hall ruled, relative to an inmate's First Amendment right to free exercise of religion, that plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven.

---

[1] A supervised release term tolls when a defendant is imprisoned in connection with any conviction for another crime unless the term of imprisonment is less than thirty days.  18 U.S.C. § 3624(e).

There is no constitutional right to disposition of supervised release violation charges prior to the expiration of a separate sentence. See Moody v. Daggett, 429 U.S. 78, 89 (1976) (holding that parolee, imprisoned for a crime while on parole, was not entitled to an immediate parole revocation hearing on an unexecuted warrant for parole violations and detainer lodged with his present institution of confinement). See also United States v. Fernandez, No. 96-2166, 1998 WL 58158, at *1-2 (10th Cir. 1998) (unpublished) (applying Moody in the context of a supervised release violator's warrant and holding that hearing requirements and time limitations of Fed. R. Crim. P. 32.1 are triggered only when defendant is taken into custody on the warrant.). It is only upon execution of the warrant that a petitioner's liberty interests based on unreasonable delay are affected. Moody, 429 U.S. at 87-88.

Defendant makes no claim that delay in the execution of the warrant may prejudice his ability to contest the issue of whether he committed a violation of supervised release. Even if he did, his claim is without merit because, as evidenced by his conviction in Tulsa County District Court Case No. CF-2018-186, defendant has confessed to the conduct forming one of the bases of the allegations in the petition on supervised release. Therefore, neither allegation credibility nor loss of witness issues appear to be in question. As defendant is serving an indeterminate imprisonment term, knowledge of the extent of punishment and his conduct while confined are material to this Court's determination of proper disposition of the revocation matter. This assessment is particularly relevant, as defendant will appear for his second revocation proceeding, again alleged to have committed a new law violation. Neither can be accurately assessed until the state sentence is satisfied.

Based on these facts, the Court finds that execution of the supervised release warrant and appearance for a show cause hearing is not in the interest of justice until defendant discharges from the state sentences.

**IT IS THEREFORE ORDERED** that defendant's motion for hearing (Dkt. # 66), is **denied**.

**DATED** this 19th day of August, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE